[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF OPINION ON DEFENDANTS' MOTION TO STAY
This is a personal injury action commenced on October 7, 1988. The parties subsequently agreed to arbitrate to dispute and on November 25, 1989 the plaintiff, through her present attorney, entered into a written high-low arbitration agreement with a representative of the insurance company acting on behalf of the defendants. On February 2, 1990, plaintiff's counsel CT Page 6376 requested that the arbitration hearing scheduled for February 6, 1990, be cancelled because it appeared that plaintiff's injuries were different and more serious than originally thought, and this was a "material change of conditions" vitiating the arbitration agreement. Defendants move to stay this court proceeding and for an order to compel arbitration.
The arbitration agreement dated November 25, 1989, constitutes an enforceable contract to arbitrate "unless sufficient legal or equitable cause exists to avoid a contract in general" Bennett v. Meader, 208 Conn. 352, 359 (1988) C.G.S. Sec. 52-408. A unilateral mistake, absent fraud or inequitable conduct by the other party cannot be a basis to reform or rescind a contract. Lopinto v. Haines, 185 Conn. 527, 533
(1981). Similarly, "mistakes in predicting the future, understandably cannot form the basis for rescinding a contract" Woolridge v. Exxon Corp., 39 Conn. Sup. 190, 192 (1984). Moreover, there appears to be a factual dispute as to when the more serious injury was first discovered.
Since there is no claim of fraud or improper contract, the arbitration agreement must be honored.
Motion for stay is granted.
Defendant's claim for this court to order plaintiff to proceed to arbitration is denied without prejudice since it does not appear that procedural requirements of C.G.S. Sec.52-410 (a) have been met.
WAGNER, J.